**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ESTATE OF ANGEL ANTONIO MENDOZA-SARAVIA, by and through his estate administrator, JOSE MENDOZA-SARAVIA,** *et al*; <br><br> Plaintiffs, <br><br> v. <br><br> **FRESNO COUNTY SHERIFF'S DEPARTMENT**, *et al*, <br><br> Defendants. | 1:10-CV-00618-OWW-SMS <br><br> MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT (Doc. 9) |

**I.  INTRODUCTION**

Defendants County of Fresno and City of Mendota now move, pursuant to Federal Rule of Civil Procedure Rule 12(b), to dismiss the complaint on grounds, among others, that Plaintiffs lack standing.  In the alternative, Defendants move for a more definite statement under Rule 12(e).

Plaintiffs are the alleged successors-in-interest and surviving relatives of Jose Mendoza-Saravia, who allegedly died as a result of an encounter with Fresno County Sheriff Deputies on November 26, 2008.  They oppose the merits of the motion. Alternatively, they request an opportunity to file an amended complaint.

## II. <u>FACTUAL BACKGROUND</u>

This action involves the alleged violation of Jose Mendoza-Saravia's civil rights and other injuries.  The following facts are derived from the complaint, filed on February 10, 2010.

On November 26, 2008, several deputies with the Fresno County Sheriff's Department responded to a disturbance call at 325 Blanco Street, Mendota, California, the then-residence of decedent Jose Mendoza-Saravia.  Plaintiffs allege that the deputies "confronted" Mr. Mendoza-Saravia, leading to an altercation between the deputies and Mr. Mendoza-Saravia.  At an unknown point in time, Mr. Mendoza-Saravia was shot at close range with a beanbag projectile in the upper torso.  Mr. Mendoza-Saravia was transported to the hospital, where he was pronounced dead the same evening.

## III. <u>PROCEDURAL BACKGROUND</u>

On February 10, 2010, Plaintiffs filed the instant action in Fresno County Superior Court, alleging six causes of action: (1) negligence against all defendants; (2) assault and battery against all defendants;  (3) violation of "California Civil Rights" and "the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States" against all defendants;  (4) products liability against MK Ballistic Systems;[1] (5) strict liability in tort against MK Ballistic Systems; and (6) breach of warranties against MK Ballistic Systems.

Plaintiffs seek to recover compensatory and punitive damages

---

[1] MK Ballistic Systems was voluntary dismissed on June 3, 2010.  (Doc. 11.)  West Coast Ammunition was added as a defendant in this action on June 4, 2010.  (Doc. 14.)

**2**

against Defendants Fresno County, the City of Mendota, Fresno County Sheriff's Department, and West Coast Ammunition.[2]

On April 4, 2010, this case was removed on the basis of federal question jurisdiction. The notice of removal asserts that Plaintiffs' action is founded on claims arising under federal laws, including the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

On June 23, 2009, Defendants filed a motion to dismiss. Plaintiffs oppose the motion.

## IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

---

[2] "Fresno County Sheriff's Department" is not a legal entity. *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). Nor is the Fresno County Sheriff's Department a "person" for purposes of § 1983 litigation. *Vance v. County of Santa Clara*, 928 F. Supp. 993 (N.D. Cal. 1996). Plaintiff has also sued "Fresno County" which is the proper legal entity to be sued in this type of case. Therefore, as a matter of law, the claims against Defendant Fresno County Sheriff's Department are DISMISSED.

550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Id. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc*., --- F.3d ----, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to

survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (internal quotation marks omitted).

## V. DISCUSSION

Defendants now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the following claims advanced against them: (1) federal civil rights claims; (2) negligence; and (3) assault and battery.

Defendants first argue that Plaintiffs lack standing to pursue their survival and wrongful death actions because they do not satisfy California Code of Civil Procedure §§ 377.11 and 377.60, the applicable statutory frameworks. Whether a "particular party has standing to pursue a claim naturally precedes the question of whether that party has successfully stated a claim." *Moreland v. City of Las Vegas*, 159 F.3d 365, 369 (9th Cir. 1998). Plaintiff bears the burden of proving that standing exists. *Northwest Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997). Defendants challenge whether Plaintiffs Jose Mendoza-Saravia and Angie Melissa Castro have standing to sue.

### A. Standing

#### 1. *Plaintiff Jose Mendoza-Saravia*

Citing California Code of Civil Procedure § 377.11, Defendants assert that Plaintiff Jose Mendoza-Saravia lacks standing to sue, as he is not the decedent's successor-in-interest, defined as the

5

beneficiary of decedent's estate.[3]  Defendants explain:

> The first two causes of action in the complaint are state law claims for negligence (first) and assault and battery (second).  Plaintiff Jose Mendoza-Saravia alleges that he is the personal representative of Decedent's estate.  While the complaint is unclear, it appears that Mr. Mendoza-Saravia is bringing a survival action under California law, based on the torts allegedly committed against Decedent.  However, he has failed to properly allege that he has standing to bring such an action.

(Doc. 9-1 at 2:23-28.)

Plaintiff Jose Mendoza-Saravia rejoins that he satisfies § 377.11's requirements because "he is the brother of Angel Mendoza-Saravia and is his successor in interest and administrator of his estate."  He relies on two statements to support this assertion: (1) the complaint's sixth paragraph, which states that Jose Mendoza-Saravia "is [the] duly qualified and acting personal representative of the estate of Angel Mendoza-Saravia"; and (2) his declaration, which was filed on June 3, 2010 with the opposition.

California Code of Civil Procedure § 377.30 provides that "[a] cause of action that survives the death of the person ... may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."  A "personal representative" means an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative,

---

[3] Defendants' standing arguments apply with equal force to Jose Mendoza-Saravia's "federal" claims, even though the complaint does not mention § 1983.  In order to maintain a § 1983 cause of action, a plaintiff must have standing as a representative or successor in interest under the California state survival statute. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (stating that in a Section 1983 action, the party bringing a survival action must show that the particular state's law allows a survival action and that plaintiff meets those requirements).

public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a); *Garcia v. Adams*, No. F. 04-5999 AWI SMS, 2006 WL 403838, at *11 (E.D. Cal. Feb.17, 2006). The "decedent's successor in interest," which Jose Mendoza-Saravia claims to be, "means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11.

Although Jose Mendoza-Saravia states that he is the "successor in interest to Angel Antonio's Mendoza-Saravia's [] estate" and that "no proceeding is now pending in California for administration of the decedent's estate," this does not establish standing to sue under California's survival statute. In particular, he does not satisfy § 377.32(a)(4), which provides in relevant part:

> (a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following [...]
>
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

*Id*.

Critically, his declaration provides that "[a] copy of the final order showing distribution of the decedent's cause of action to the successor in interest is attached hereto." (Doc. 12-1, ¶ 5.) Mr. Mendoza-Saravia, however, fails to attach the "final order showing the distribution of the decedent's cause of action."

7

Without such an order, he cannot satisfy § 377.32(a)(4).[4]

Providing a "final order showing the distribution of the decedent's cause of action" is a prerequisite to filing a survival action under § 377.10, *et seq*. As such, Mr. Mendoza-Saravia lacks standing and the survivor claims are DISMISSED WITH LEAVE TO AMEND.

In their opposition brief, Plaintiffs submit that if the motion is granted, it be granted with leave to amend to allow them to "cure the defects in their complaint." Based upon the submissions and arguments of the Plaintiffs in opposition to the motion, leave to amend is not futile, sought in bad faith, nor would it cause unnecessary delay. Plaintiffs' request is GRANTED. *See* Fed. R. Civ. P. 15(a)(2) ("Leave to amend should be freely given "when justice so requires.").

Any amended complaint shall include the "Final Order" and conform with Rules 8 and 11 of the Federal Rules of Civil Procedure.[5]

### 2. Angie Melissa Castro

Minor Plaintiff Angie Melissa Castro has advanced, through her mother and guardian ad litem Blanca Estella Castro, a state law wrongful death claim and a Fourteenth Amendment familial association claim.[6]

---

[4] Plaintiff Jose Mendoza-Saravia's declaration is also insufficient to satisfy § 377.32(a)(5).

[5] If permitted under § 377.10, *et seq.*, Plaintiff may include the "Final Order" *in haec verba*.

[6] The complaint provides: "Angie Melissa Castro is the child of the Decedent, and was dependent on decedent for support."

Standing to sue in a wrongful death action is governed by California Code of Civil Procedure § 377.60, and the category of persons eligible to bring a wrongful death action is strictly construed. *Bouley v. Long Beach Memorial Medical Center*, 127 Cal.App.4th 601, 606 (2005); *Chavez v. Carpenter*, 91 Cal.App.4th 1433, 1438 (2001). Section 377.60 establishes a wrongful death cause of action and delineates who may avail themselves of the action. In relevant part, § 377.60 reads:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
>
> (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.
>
> (b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents. As used in this subdivision, "putative spouse" means the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid.

*Id.*

Defendants originally filed this motion under Rule 12(e) based on an ambiguity in the complaint, which represented that Ms. Castro was the "child of the decedent" *and* that she was "dependent on decedent for his support." Defendants claimed these statements were in conflict because "under the wrongful death statute, it is not necessary for the surviving issue of a decedent to be dependent

on the decedent."[7]  Defendants moved for clarification of the issue because "if the former is true [Ms. Castro is decedent's child], there would be no need to conduct discovery on the issue of dependence."

In their opposition, however, Plaintiffs clarified any ambiguity over the statements:

> Angie Melissa Castro was born on February 18, 2009 at 3:31 p.m. in El Salvador. Angie is the daughter of Angel Antonion Mendoza-Saravia and Blanca Estella Castro, therefore, as stated by Defendants in their Motion, there is no need to conduct discovery on the issue of dependence.

(Doc. 12 at 3:16-3:20.)

In further support, Plaintiffs attached the declaration of Blanca Estella Castro to their opposition.  The declaration provides:

> 1. I was the girlfriend of Angel Antonio Mendoza-Saravia [...]
>
> 3. My daughter, Angie Melissa Castro, was born on February 18, 2009.
>
> 4. Angel Antonio Mendoza-Saravia is the father of Angie Melissa Castro.

(Doc. 12-2 ¶¶ 1, 3-4).

Defendants nonetheless argue that Plaintiff Angie Melissa Castro lacks standing to advance a wrongful death cause of action against them.  Citing *Cheyanna D. V. A,C,. Nielsen, Co.*, 66 Cal. App. 4th 855 (1998), Defendants argue that she is required to "plead that clear and convincing evidence of paternity exists," which she cannot do:

---

[7] However, a step-child must demonstrate "dependence" under § 377.60.

10

> **Ms. Castro has plainly failed to meet the [clear and convincing] evidence] standard. While she represents that she was Decedent's 'girlfriend,' and represents in a conclusory fashion that Decedent 'is the father' of her daughter, the attached birth certificate makes no reference to Decedent as the father. Furthermore, in contrast to the representation on the birth certification that Angie was born at Fresno Community Regional Medical Center, Ms. Castro represents in her declaration that her daughter was born in El Salvador. Therefore it cannot reasonably be concluded from the pleadings and motion papers that the paternity of Decedent can be established by 'clear and convincing' evidence. As such, Angie Melissa Castro should be dismissed as a plaintiff.**

**(Doc. 17 at 5:25-6:4.)**

**Defendants' argument can be summarized as follows: Plaintiffs cannot satisfy *Cheyanna*'s "clear and convincing" evidence standard because: (1) Angie's birth certificate does not list the decedent as the father; and (2) there are inconsistent statements concerning Angie's birthplace. According to Defendants, these two factors, taken together, demonstrate that Plaintiff Angie Melissa Castro lacks standing to pursue a wrongful death claim.**

**This argument was advanced for the first time in Defendants' reply brief.[8] As such, Plaintiffs have not had an opportunity to respond, either via motion or at oral argument.[9] Plaintiff is requested to address the ambiguity and/or disparity in the amended pleading. The motion is GRANTED WITH LEAVE TO AMEND.**

---

[8] Arguments raised for the first time in a reply brief or at the hearing on a motion are disregarded as a general rule. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992); *United States v. Boyce*, 148 F.Supp.2d 1069, 1085 (S.D.Cal.2001). However, it appears that the ambiguity stems from Ms. Blanca Estella Castro's declaration, which was attached to Plaintiffs' opposition to the present motion.

[9] Counsel for Plaintiffs did not appear at oral argument on August 2, 2010.

11

### B. Merits of Plaintiffs' Complaint

#### 1. *Federal Civil Rights Claims (Claim III)*

The complaint alleges that Defendants violated Jose Mendoza-Saravia's constitutional rights. Specifically, the complaint alleges that Defendants deprived Jose Mendoza-Saravia of "liberty without due process of law" and "made an unreasonable seizure." These are conclusions of law. The complaint contains no allegations specific to the federal causes of action, nor does it name as defendants any individual officers or deputies.

Title 42 U.S.C. § 1983 provides for liability against any person acting under color of law who deprives another "of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983). "The rights guaranteed by section 1983 are 'liberally and beneficently construed.'" *Id.* (quoting *Dennis v. Higgins*, 498 U.S. 439, 443 (1991)).

To establish liability under § 1983, a plaintiff must show (1) that he was deprived of a right secured by the United States Constitution or a federal law and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Defendants argue that Plaintiff fails to allege sufficient facts to support either an excessive force or due process claim. According to Defendants, it "certainly cannot be surmised from the complaint that any deputy sheriff acted with 'deliberate indifference' to Plaintiffs' rights." In opposition, Plaintiffs assert that the complaint's allegations are sufficient to state a

claim and that discovery is necessary to "properly analyze the [] cases cited by Defendants."

Although Plaintiff did not specifically enumerate a cause of action under § 1983, the complaint asserts that Defendants "violated his constitutional rights." The opposition, however, makes clear that Plaintiffs advance several independent causes of action pursuant to the § 1983 framework. The relevant paragraph of the complaint provides:

> Said Defendants, while acting within their capacities as deputies in the City of Mendota, County of Fresno, State of California, deprived decedent of his liberty without due process of law, made an unreasonable seizure of the decedent thereby depriving decedent of his rights, privileges, and immunities as guaranteed by Article I, § 13 of the California Constitution; and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States [...]
>
> As a proximate result of the Constitutional violations by the defendants, and each of them, the decedent died on November 26, 2008.

(Compl. ¶¶ 18, 20.)

Other than a general reference to the three-sentence "factual summary," which is itself devoid of any factual detail, the complaint does not identify what constitutional deprivations (i.e., "facts") support the federal claims. Plaintiffs confound the pleading posture by inserting "new" facts in their opposition, i.e., facts that were not included in their complaint. For instance, the opposition states that "upon arriving at Jose's home, the officers chased Angel Antonio Mendoza-Saravia into a bedroom where he was unarmed and alone, unable to harm the officers or anyone else." The opposition further provides: "While barricaded in the bedroom alone, Angel opened the door and was immediately

shot in the chest by an officer with a bean-bag shotgun." The opposition also submits that Jose was "placed in handcuffs by the officers and taken to the Community Regional Medical Center," and that he "was pronounced dead as a result of the severe impact [] to the chest." None of these facts were included in the boilerplate pleading filed on February 10, 2010.

Where plaintiff has identified a federal constitutional right, such as the Fourth and Fourteenth Amendments, plaintiff must allege who violated those rights, and how. For example, under the § 1983 claim, the complaint alleges Defendants "made unreasonable search and seizure" and deprived him of due process of law, conclusions of law. Plaintiff must, without providing elaborate detail, allege who denied him of these rights, and how.

To survive dismissal a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. *Iqbal* has made clear that conclusory, "threadbare" allegations that merely recite the elements of a cause of action will not withstand a motion to dismiss. If Plaintiff seeks to pursue this action, he must amend the § 1983 claim to identify the Defendants who violated his constitutional rights and

how those rights were allegedly violated.

Plaintiffs suggest that "discovery is necessary" to meet the applicable pleading standards, including *Iqbal*. Rule 8, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1950. To allow Plaintiff to conduct discovery before he has stated valid claims to relief "would subvert the purpose of the pleading requirements." *Salazar v. Lehman Brothers Bank*, 2010 WL 1996374 at 2 (E.D. Cal. May 14, 2010) (citing *Carpa v. Smith*, 1998 WL 723153 at 4 (D. Ariz. July 20, 1998)). The motion is GRANTED.

In their opposition, Plaintiffs request the opportunity to amend their pleadings. Plaintiffs' request to amend is GRANTED.

### 2. State Law Claims

Plaintiffs sue Defendants County of Fresno and City of Mendota for negligence and assault and battery.

#### a. *Negligence (Claim I)*

Plaintiff's complaint alleges Defendants were negligent. Defendants contend that the first cause of action for negligence should be dismissed because as public entities, they are immune from liability for common law negligence. Defendants point to California Government Code § 815(a), which provides: "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."

Plaintiffs, however, correctly note that California Government Code § 815.2(a) provides a statutory basis for liability: "A

15

public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." *Id*. § 815.2(a); *see also Eastburn v. Regional Fire Protection Auth'y*, 31 Cal.4th 1175 (2003) ( Section 815.2(a) "makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment").

Defendants do not dispute that "they can be held vicariously liable for the torts of an employee" pursuant to § 815.2(a). However, in their reply, they clarify that the motion only relates to their *direct* liability:

> As for their state law claims, it appears from Plaintiffs' Opposition that they are confused about the instant motion in relation to the Moving Defendants. To be clear, Moving Defendants only contended that under the Government Code, and pertinent case authority, they cannot be liable for their own allegedly negligence conduct, such as conduct in relation to training and supervision. Moving Defendants fully recognize that they can be vicariously liable for the torts of an employee. However, this does not warrant a denial of the motion. California law clearly makes a legal distinction between direct and vicarious liability, Factually, there is a considerable difference between direct and vicarious liability, especially when it comes to discovery, dispositive motions, and the presentation of evidence at trial. As such, the motion should be granted as to the direct (as opposed to vicarious) liability of Moving Defendants.

(Doc. 17 at 6:6-6:17.)

There is no common law tort liability for public entities in California; instead, such liability must be based on statute. *See Miklosy v. Regents of Univ. of Cal.*, 44 Cal.4th 876, 899 (2008) ("section 815 abolishes common law tort liability for public

16

entities"). Critically, California law does not provide a basis to hold a municipality directly liable for its alleged "negligence in the selection, training, retention, supervision, and discipline of police officers." *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1112 (2004).[10] As such, to the extent Plaintiffs advance direct tort claims against Defendants, the claims are DISMISSED.

Defendants argued in their original motion that Plaintiffs failed to allege facts sufficient to show that the cause of action lies outside the breadth of public entity immunity. For the reasons discussed in §§ V(B)(1)), *supra*, the motion is GRANTED. See *Lopez v. So. Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795 (1985) ("because under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable"). In their opposition, Plaintiffs request an opportunity to file an amended pleading. The request to amend is GRANTED.

---

[10] *Hoener v. County of Sonoma*, 2004 WL 1811156 at 7 (N.D. Cal. Aug. 5, 2004) stated: "With respect to plaintiff's state negligence claims against the City and County for [Monell conduct], the City and County are entitled to immunity from plaintiff's state law claim. The City and County are public entities. The Ninth Circuit has held that California law does not support a cause of action against a public entity for negligent hiring or supervision. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 840-41 (9th Cir.1996); see also Universal By-Products, Inc. v. City of Modesto, 43 Cal.App.3d 145, 153, 117 Cal.Rptr. 525 (1974) (stating there is "no common law liability of a public entity; liability is wholly statutory"). This is consistent with sections of the California Government Code providing that a state governmental entity can be sued in tort only pursuant to an authorizing statute or enactment. See Cal. Gov't Code § 815 et seq.; Lopez v. Southern Cal. Rapid Transit Dist., 40 Cal.3d 780, 221 Cal.Rptr. 840, 710 P.2d 907 (1985)."

17

### b.   *Assault and Battery (Claim II)*

Plaintiffs assert their second claim of assault and battery against all defendants, including moving parties City of Mendota and County of Fresno.

In order to establish a common law battery claim against a peace officer, Plaintiffs must establish each element of the tort:[11] (1) an unprivileged touching, that (2) caused damages. Plaintiffs also have the burden of proving that the use of force was (3) unreasonable.

Here, Defendants' motion to dismiss the second claim for assault and battery is granted for two reasons. First, the state law tort of assault and battery is inextricably intertwined with the analysis of the § 1983 claim. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998). As explained above, Plaintiffs have failed to state facts sufficient to state a claim under § 1983.[12] The same analysis defeats the assault and battery cause of action. Second, as explained in §§ V(A)(1)-(2), *supra*, it is entirely unclear if the Plaintiffs have the requisite standing to assert a claim for assault and battery.

Defendants' motion to dismiss the second claim for assault and

---

[11] "Battery includes assault; in fact, battery is a consummated assault. Assault is, therefore, necessarily included in battery." See Torres v. California, No. 10-CV-0670-LJO-GSA, 2010 WL 2383698 at 10 (E.D. Cal. June 10, 2010) (citing *People v. Heise*, 217 Cal. 671, 673 (1933)).

[12] While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

18

battery is GRANTED WITH LEAVE TO AMEND.

## VI.  CONCLUSION

For the reasons stated:

1.  The Complaint is DISMISSED WITH LEAVE TO AMEND.

2.  Any amended complaint shall be filed by September 1, 2010 and conform with Rules 8 and 11 of the Federal Rules of Civil Procedure.

3.  Responses to the amended complaint shall be filed within twenty days thereto.

IT IS SO ORDERED.

Dated:   August 2, 2010               /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE