James D. Weakley, Esq. Bar No. 082853
Valerie J. Velasco, Esq. Bar No. 267141

WEAKLEY & ARENDT, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California   93710
Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, COUNTY OF FRESNO (sued herein as the Fresno County Sheriff's Department and the County of Fresno) and CITY OF MENDOTA

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ANGIE MELISSA CASTRO, by and through her Guardian at Litem BLANCA ESTELA CASTRO, individually and as successor in interest to ANGEL ANTONIO MENDOZA-SARAVIA; BLANCA ESTELA CASTRO; TERESA REYNA MENDOZA-SARAVIA; PEDRO MENDOZA;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF FRESNO; CITY OF MENDOTA; WEST COAST AMMUNITIONS, and DOES 1 though 100, inclusive,<br><br>Defendants. | CASE NO. 1:10-CV-00618-AWI-BAM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br><br><br><br><br>Complaint Filed: 02/10/10<br>Trial Date: 11/27/2012 |

COMES NOW, defendants COUNTY OF FRESNO and CITY OF MENDOTA, hereinafter "defendants," and respectfully request that this Court enter a Protective Order as stipulated by the parties herein.

Plaintiffs seek discovery of documents that are protected by the official information privilege, and other information that is (a) confidential, sensitive, and potentially invasive of the privacy rights of the involved individuals; (b) not generally known; and (c) not revealed to the public or third parties and, if disclosed to third parties, would require such third parties to maintain the information in confidence; and (d) privileged.

Stipulated Protective Order

IT IS HEREBY STIPULATED, by, among, and between the parties hereto, through their counsel or record that the documents described below may be designated as "Confidential" by the defendants and produced subject to the following Protective Order.

The "Protected Materials" include the following:

- Reports of investigations relating to the incident that is the subject of this lawsuit including but not limited to Fresno County Sheriff Department reports;

- Photographs relating to the incident that is the subject of this lawsuit including but not limited to those taken by the Fresno County Sheriff Department at the scene, the hospital or during the autopsy;

- Audio recordings relating to the incident that is the subject of this lawsuit, including but not limited to interviews, dispatch audio and 9-1-1 calls;

- Transcriptions of audio recordings relating to the incident that is the subject of this lawsuit;

- Reports relating to the autopsy or toxicology of the decedent;

- Reports of instances of prior contact with law enforcement by the decedent;

- Training materials used by the Fresno County Sheriff Department relating to less lethal force;

- Personnel documents of any Fresno County Sheriff Deputy, if produced.

The Protected Materials shall be treated by the parties as confidential and shall make no further disclosure of such materials except as provided herein:

1.    The Protected Materials shall be used solely in connection with the civil case of *Angie Melissa Castro, a Minor  v. County of Fresno, et al*, Case No. 1:10-CV-00618-AWI-BAM , and in the preparation and trial of the case and related proceedings.  Neither the Plaintiff nor her attorney(s) may disclose, make copies of, or reveal the contents of such materials for purposes other than for the preparation of this case.

2.    The defendants are not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial of this matter.

3.     A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential."  If any confidential materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

4.     Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a)     James G. O'Callahan, or other counsel for plaintiffs at the firm of Girardi Keese;

b)     Paralegal, clerical, secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

c)     Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of this civil action;

d)     Any expert, consultant, or investigator retained in connection with this action;

e)     The finder of fact at the time of trial, subject to the court's ruling on in limine motions and objections of counsel;

f)     Plaintiffs may review the Protected Materials but may not receive or retain any copies thereof.

5.     Prior to the disclosure of any Protected Materials to any person identified in paragraph 4, each such recipient of confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read.  Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms.  Such person must also consent to be subject to the jurisdiction of the Fresno County Superior Court with respect to any proceedings related to the enforcement of this Protective Order, including without limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further Order of this Court.  Plaintiff shall be responsible for internally tracking the identities of

Stipulated Protective Order

3

those individuals to whom copies of the Protected Materials are given.

6.     The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

7.     A party may apply to the Court for an Order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify such information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.

8.     <u>Procedures For The Production of Copies of Protected Materials</u>

The following procedures shall be utilized by the parties in production of documents and materials designated "Confidential":

a)     Plaintiff's counsel shall receive one copy of the Protected Materials;

b)     Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the Protected Materials to any source, other than persons identified in paragraph 4 without further Order of the Court, or written authorization from counsel for defendants;

c)     Defendants' production of the Protected Materials shall contain red marking on each page identifying the materials as "Confidential;"

d)     If any Protected Materials is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protected Order.  The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with this Stipulated Protective Order.  Only individuals authorized by this Protective Order to see or receive such materials may be present during the discussion or disclosure of such materials.

9.     Should any Protected Materials be disclosed, through inadvertence or otherwise, to

any person not authorized to receive it, the disclosing person shall promptly (a) inform the defendants of the recipient(s) and the circumstances of the unauthorized disclosure, and use best efforts to bind the recipient(s) to the terms of this Stipulated Protective Order.  No information shall lose its confidential status because it was disclosed to a person not authorized to receive it.

10.     At the conclusion of this litigation, all Protected Materials, in whatever form stored or reproduced, will remain confidential.  Counsel for plaintiff shall verify that all persons to whom Protected Materials were disclosed return such materials to him.  The conclusion of this litigation includes termination of this case following trial or settlement and also includes termination through Order of this Court following a dispositive motion.

11.     No later than 30 days after settlement or receiving entry of an Order, judgement or decree terminating this action, counsel for plaintiff shall return said materials to counsel for defendants.

12.     If any party appeals a jury verdict or Order terminating this case, counsel for plaintiff shall retain possession of all Protected Materials pending final outcome of that appeal.

13.     This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protected Order for good cause shown.  After this action terminates, any party may seek to modify or dissolve this Order for good cause or by stipulation of the parties.

14.     This Court shall retain jurisdiction, even after this lawsuit terminates (a) to make such amendments, modifications or additions to this Stipulated Protective Order as it may from time to time be appropriate upon good cause shown, and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

DATED:   January 13, 2012

WEAKLEY & ARENDT, LLP


By:      /s/ Valerie J. Velasco
         James D. Weakley
         Valerie J. Velasco
         Attorneys for Defendants

1

2    DATED:  January 13, 2012

3                                                        GIRARDI KEESE

4                                             By:      /s/ James G. O'Callahan
                                                      James G. O'Callahan
5                                                     Attorneys for Plaintiffs

6

7    DATED:  January 13, 2012

8                                             By:      /s/ Jim Kerr
                                                      Jim Kerr, in pro per
9                                                     Defendant West Coast Ammunitions

10           IT IS SO ORDERED.

11       **Dated:    January 17, 2012**                    **/s/ Barbara A. McAuliffe**
                                                      UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
Stipulated Protective Order                          6