1

2

3

4

5

6

7
**IN THE UNITED STATES DISTRICT COURT**

8
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10
ESTATE OF ANGLE ANTONIO
MENDOZA-SARAVIA, by and through
the administrator, JOSE MENDOZA-

11
SARAVIA, *et. al*,

12

13
        Plaintiffs,

   vs.

14
FRESNO COUNTY SHERIFF'S
DEPARTMENT, *et. al*,

15

16
        Defendants.
_____/

CASE NO. CV 10-00618 AWI BAM

**ORDER ON PLAINTIFFS' REQUEST
TO MODIFY THE SCHEDULING
ORDER**

17

18
     **I.   INTRODUCTION**

19
     On May 3, 2012, the Court held a telephonic status conference regarding Plaintiffs'

20
request to modify the scheduling order. (Doc. 86.) Counsel James O'Callahan appeared

21
telephonically for Plaintiffs. Counsel Valerie Velasco appeared telephonically for Defendant

22
City of Mendota, County of Fresno and the Fresno County Sheriff's Department (the "Fresno

23
Defendants"). James Kerr appeared telephonically in pro se for Defendant West Coast

24
Ammunition. The parties stipulated to allow the Court to decide Plaintiffs' request to modify the

25
scheduling order informally and off the record. (Doc. 86.) Based on the letter briefs submitted,

26
and the arguments presented at the May 3, 2012 telephonic hearing, the Court issues the

27
following Order.

28
1

## II.   BACKGROUND

This is a wrongful death action, arising from a November 26, 2008 incident where Angel Antonio Mendoza-Saravia (the "Decedent") was allegedly shot by a member of the Fresno County Sheriff's department with a beanbag projectile.  (Pl.'s Third Amend. Compl., ¶¶ 20-25, Doc. 54.)  The Decedent was pronounced dead approximately one hour after being shot with the projectile.  *Id.* at ¶ 27.  Plaintiffs allege the projectile caused Decedent's death.  *Id.* at ¶ 25.

On May 27, 2011, the Honorable Judge Oliver W. Wanger set a scheduling order in this matter.  (Doc. 72.)  Relevant to the instant dispute, the parties were required to disclose all expert witnesses no later than April 17, 2012.  *Id.*  On April 17, 2012, the Fresno Defendants served expert disclosures on Plaintiffs.  The Fresno Defendants' disclosures identified one expert, Curtis Coke.  On April 18, 2012, Plaintiffs served their expert disclosures which identified one expert, Ron Martinelli.  Mr. Martinelli intends to offer expert testimony regarding the officers' involvement in the incident, the provision of the ammunition, training, and the use of the subject bean bag and related topics.

Plaintiffs' expert disclosures were deficient in two ways: (1) Plaintiffs' expert disclosures did not contain an expert report; and (2) Plaintiffs failed to disclose Mr. Martinelli by the April 17, 2012 deadline and was one day late.  Plaintiffs acknowledge the failure was due to a calendaring error.  Plaintiffs now request the Court to provide relief from the expert disclosure deadline, in addition to the remaining deadlines provided in the May 27, 2011 scheduling order, not including the pre-trial conference and trial dates.

## III.   DISCUSSION

Pursuant to Fed. R. Civ. P. 16(a), district courts must enter pretrial scheduling orders within 120 days of filing the complaint, establishing deadlines for, among other things, "to file motions" and "to complete discovery."  "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."  Fed. R. Civ. P. 16(b).  The scheduling order "shall control the subsequent course of the action" unless modified by the court.  Fed. R. Civ. P. 16(e).

A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

The scheduling conference order was entered on May 27, 2011, requiring an April 17, 2012 expert disclosure.  Plaintiffs argue that a calendaring error on counsel's part caused the experts disclosure to be late and not to disclose the expert's report.

A party who fails to timely disclose experts may be barred from using the expert not so disclosed.  Fed. R. Civ. P. 37(c)(1); *Heidtman v. County of El Paso*, 171 F.3d 1038, 104 (5th Cir. 1999).  Preclusion of an expert witness is an appropriate sanction when the circumstances so warrant. See Fed. R. Civ. P. 37(b)(2)(B); *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 727-28 (9th Cir.), *cert. denied*, 479 U.S. 918 (1986).  A court's choice of sanctions under Rule 37(b)(2) is reviewed for abuse of discretion.  *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987), *cert. denied*, 488 U.S. 819 (1988).

Cases which have upheld exclusion of the expert witness as a sanction under Rule 37(b)(2) for failure to comply with the court's scheduling conference order, involve multiple abuse factors such as several missed deadlines, bad faith conduct, disobeying discovery orders. (*Exxon Corp. v. Halcon Shipping Co., Ltd.*, 156 F.R.D. 586 (D.N.J. 1994), order aff'd, 156 F.R.D. 589 (1994); *Parker v. Freightliner Corp.*, 940 F.2d 1019 (7th Cir. 1991) (missed status hearing, failed to file discovery requests, no response to discovery, disobeyed discovery orders); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996) (experts failed to appear at depositions, failed to have opinions set, experts failed to do necessary work to complete by deadline).)

1    In considering whether to preclude experts for failing to timely disclose, the court must

2    consider the following factors:

3          (1) the importance of the testimony;

4          (2) prejudice to the opposing party;

5          (3) the potential for curing the breach by granting a continuance; and

6          (4) the explanation, if any, for the failure to disclose.

7    *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996.)

8          Balancing these factors favors granting Plaintiffs relief from the scheduling order.  Mr.

9    Martinelli's testimony is critical to Plaintiffs' case.   Expert testimony regarding the officers'

10   involvement in the incident, the provision of the ammunition, training, and the use of the subject

11   bean bag and related topics is necessary to establish liability in the instant matter.  Unlike many

12   cases precluding expert testimony, Plaintiffs' counsel's failure to comply with the scheduling

13   order did not appear to be in bad faith, and Plaintiffs' counsel has not previously failed to comply

14   with Court orders or other deadlines.  Upon realizing his mistake, Plaintiffs' counsel immediately

15   brought the matter to the Court's attention and assumed full responsibility for his failure.  Due to

16   the minimal modification the Court is granting, the prejudice to the Fresno Defendants is slight.

17         The only prejudice offered by the Fresno Defendants relates to their inability to timely

18   take the depositions of Plaintiffs' expert, as well as the unfair advantage Plaintiffs' expert would

19   have in reviewing the Fresno Defendants' expert's report prior to preparing his own report.  As to

20   the latter, Plaintiffs have represented that they returned the Fresno Defendants' expert report,

21   without reviewing it, in order to avoid any prejudice to the Fresno Defendants.  Moreover, the

22   modifications to the scheduling order specifically address any remaining prejudices by extending

23   all the expert-related deadlines, as well as providing the Fresno Defendants' expert the

24   opportunity to provide an amended expert report after having the benefit of reviewing Plaintiffs'

25   expert report.

26

27

28

IV.   CONCLUSION

Based on the foregoing, the Court modifies the scheduling order as follows:

**1.      Plaintiffs' Expert Disclosures**

Plaintiffs shall serve their expert disclosures no later than **May 17, 2012.**

**2.      Plaintiffs' Supplemental Expert Disclosures**

Plaintiffs shall serve their supplemental expert disclosures no later than **June 7, 2012.**

**3.      Defendants' Amended Expert Disclosure**

Defendants' expert, Curtis Coke, shall have the opportunity to review Plaintiffs' experts' report, and submit an amended expert report no later than **June 7, 2012.**

**4.      Defendants' Supplemental Expert Disclosure**

Defendants shall serve their supplemental expert disclosures no later than **June 16, 2012.**

**5.      Expert Discovery Cut-Off**

All expert discovery shall be completed no later than **July 20, 2012.**

**6.      Non-Dispositive Motions Regarding Experts**

All non-dispositive motions regarding experts shall be filed no later than **July 20, 2012.**

**7.      All Other Non-Dispositive Motions**

All other non-dispositive motions shall be filed no later than **July 5, 2012.**

**8.      Dispositive Motions**

All dispositive motions shall be filed no later than **August 1, 2012.**  All dispositive motions shall be heard no later than **August 31, 2012.**

All remaining dates in the May 27, 2011 scheduling order shall remain unchanged.  The parties are advised that the Court will not provide any further relief from the scheduling order.

IT IS SO ORDERED.

**Dated:    May 4, 2012**          _____/s/ **Barbara A. McAuliffe**_____
                                                                    UNITED STATES MAGISTRATE JUDGE