1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

8

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| ESTATE OF ANGLE ANTONIO MENDOZA-SARAVIA, by and through the administrator, JOSE MENDOZA-SARAVIA, *et. al*, | CASE NO. CV 10-00618 AWI BAM |
| Plaintiffs, | **ORDER ON DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY** |
| vs. | |
| FRESNO COUNTY SHERIFF'S DEPARTMENT, *et. al*, | |
| Defendants. | |
| _____/ | |

10
11
12
13
14
15
16
17

**I.   INTRODUCTION**

18          Pending before the Court is Defendants County of Fresno, Fresno County Sheriff's

19    Department and City of Mendota's (collectively, "Defendants") Motion to Preclude Plaintiff

20    From Offering Expert Opinion Testimony ("Defendants' Motion").  (Doc. 96.)  Plaintiffs Estate

21    of Angel Antonie Mendoza, Jose Mendoza-Saravia and Teresa Reyna Mendoza-Saravia

22    (collectively, "Plaintiffs") filed an Opposition on July 13, 2012.  (Doc. 97.)  Defendants filed a

23    Reply on July 27, 2012.  (Doc. 98.)  The Court deemed the matter suitable for decision without

24    oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for August 3,

25    2012.  (Doc. 100.)  Having considered the moving, opposition and reply papers, the declarations

26    and exhibits attached thereto, as well as the Court's file, the Court issues the following Order.

27
28

1

## II.   BACKGROUND

**A.   Relevant Factual Background**

This is a wrongful death action, arising from a November 26, 2008 incident where Angel Antonio Mendoza-Saravia (the "Decedent") allegedly was shot by a member of the Fresno County Sheriff's department with a beanbag projectile.  (Pl.'s Third Amend. Compl., ¶¶ 20-25, Doc. 54.)  The Decedent was pronounced dead approximately one hour after being shot with the projectile.  *Id.* at ¶ 27.  Plaintiffs allege the projectile caused Decedent's death.  *Id.* at ¶ 25.

**B.   Relevant Procedural Background**

On May 27, 2011, the Honorable Judge Oliver W. Wanger set a scheduling order in this matter.  (Doc. 72.)  Relevant to the instant dispute, the parties were required to disclose all expert witnesses no later than April 17, 2012.  *Id.*  On April 17, 2012, Defendants served expert disclosures on Plaintiffs.  Defendants' disclosures identified one expert, Curtis Coke.  On April 18, 2012, Plaintiffs served their expert disclosures which identified one expert, Ron Martinelli.  Mr. Martinelli was expected to offer expert testimony regarding the officers' involvement in the incident, the provision of the ammunition, training, and the use of the subject bean bag and related topics.

Following this disclosure, Defendants found Plaintiffs' expert disclosures deficient in two ways: (1) Plaintiffs' expert disclosures did not contain an expert report; and (2) Plaintiffs failed to disclose Mr. Martinelli by the April 17, 2012 deadline and was one day late.  On May 3, 2012, the parties participated in an informal telephonic discovery hearing concerning Plaintiffs' request for relief from the scheduling order.  (Doc. 87.)  Plaintiffs argued the failure was due to a calendaring error, and requested an extension of expert disclosure and discovery deadlines.  Defendants opposed.  The parties stipulated to allow the Court to decide Plaintiffs' request to modify the scheduling order informally and off the record.  (Doc. 87.)

After considering the letter briefs[1] and arguments of counsel at the May 3, 2012 hearing, the Court granted Plaintiffs' request for relief from the scheduling order.  Specifically, the Court found that "Mr. Martinelli's testimony is critical to Plaintiffs' case.   Expert testimony regarding the officers' involvement in the incident, the provision of the ammunition, training, and the use of the subject bean bag and related topics is necessary to establish liability in the instant matter." (Doc. 89, 4: 8-11.)   The Court additionally determined that "Plaintiffs' counsel's failure to comply with the scheduling order did not appear to be in bad faith[,]" and the "prejudice to the [] Defendants is slight."  (Doc. 89, 4: 11-16.)

In that same Order, the Court modified the Scheduling Order, in pertinent part, as follows:

1.    Plaintiffs' Expert Disclosures

      Plaintiffs shall serve their expert disclosures no later than May 17, 2012.

2.    Plaintiffs' Supplemental Expert Disclosures

      Plaintiffs shall serve their supplemental expert disclosures no later than June 7, 2012.

3.    Defendants' Amended Expert Disclosure

      Defendants' expert, Curtis Coke, shall have the opportunity to review Plaintiffs' experts' report, and submit an amended expert report no later than June 7, 2012.

4.    Defendants' Supplemental Expert Disclosure

      Defendants shall serve their supplemental expert disclosures no later than June 16, 2012.

5.    Expert Discovery Cut-Off

      All expert discovery shall be completed no later than July 20, 2012.

(Doc. 89, 5: 3-13.)

---

[1] Defendants request the Court make the letter briefs related to the May 3, 2012 hearing part of the Court's record.  The Court DENIES this request.  "The parties stipulated to allow the Court to decide Plaintiffs' request to modify the scheduling order *informally and off the record*." (Doc. 89, 1: 23-25) (emphasis added.)  The Court notes, however, that in Plaintiffs' letter brief and at the May 3, 2012 hearing, Plaintiffs requested relief from the scheduling order for the specific purpose of properly offering the expert testimony of Ron Martinelli.

**C.    Background of Instant Dispute**

On May 17, 2012, Plaintiffs provided Defendants with an expert disclosure identifying one expert: Ronnie M. Williams.  The disclosure provided an expert report.  However, Defendants contend the disclosure failed to fully comply with Federal Rule of Civil Procedure 26(a)(2).  Specifically, Defendants argue that "[a]lthough Mr. William's report identified three cases in which he testified as an "expert," it is unclear if those were all cases in which he provided such testimony over the previous four years."  Defendants additionally argue Mr. Williams' report failed to identify any publications he authored in the previous ten years.

Defendants also contend the expert discovery extensions were granted so Plaintiffs could fully comply with Fed. R. Civ. P. 26(a)(2) with respect to Mr. Martinelli.  Defendants argue the discovery extensions were not intended to permit Plaintiffs to designate a previously undisclosed expert.  Defendants seek to preclude Plaintiffs from "offering any opinion testimony at the trial of this matter or in support of any motion."

Plaintiffs argue that they intended to offer Mr. Martinelli as an expert, however, after the May 3, 2012 hearing, discovered Mr. Martinelli was unable to provide a report by May 17, 2012. Regardless, Plaintiffs argue, the May 4, 2012 Order did not foreclose the disclosure of different experts.  Accordingly, Plaintiffs contend the designation of Mr. Williams as their expert by the disclosure deadline complied with the Court's Order.

### III.    DISCUSSION

Defendants move for exclusionary sanctions pursuant to Fed. R. Civ. P. 37(b) & (c).

**A.    Exclusionary Sanctions Under Fed. R. Civ. P. 37(b) Are Not Warranted**

**1.    Legal Standard**

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b).  "Just orders" may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

(ii) *prohibiting the disobedient party from supporting or opposing designated*

4

1    *claims or defenses, or from introducing designated matters in evidence*;

2    (iii) striking pleadings in whole or in part;

3    (iv) staying further proceedings until the order is obeyed;

4    (v) dismissing the action or proceedings in whole or in part;

5    (vi) rending a default judgment against the disobedient party; or

6    (vii) treating as contempt of court the failure to obey any order except an order to
       submit to a physical or mental examination.

7

8    Fed. R. Civ. P. 37(b)(2)(A) (emphasis added). The Ninth Circuit explained, "Federal Rule of

9    Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of

10   sanctions when a party fails to comply with the rules of discovery or with court orders enforcing

11   those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 857, 589 (9th Cir. 1983).

12           **2.      Plaintiff Did Not Violate The Court's May 4, 2012 Order**

13           Plaintiffs' designation of Ronnie M. Williams as their expert did not violate the Court's

14   May 4, 2012 Order.  The parties do not dispute that Mr. Williams' expert designation was timely

15   pursuant to the Court's May 4, 2012 Order.  Rather, Defendants argue that, according to the May

16   4, 2012 Order, "Plaintiffs were provided with an additional two weeks . . . to produce a report by

17   Mr. Martinelli."  On the contrary, the Court's Order specifically stated that "Plaintiffs shall serve

18   their expert disclosures no later than May 17, 2012."  (Doc. 89, 5: 3-13.)  The Court's Order did

19   not confine Plaintiffs' expert discovery to Mr. Martinelli.  Accordingly, Plaintiff's designation of

20   Mr. Williams as their expert did not violate the May 4, 2012 Order, and sanctions are not

21   warranted.

22   **B.      Exclusionary Sanctions Under Fed. R. 37(c) Are Not Warranted**

23           The Ninth Circuit Court of Appeals gives "particularly wide latitude to the district court's

24   discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly v. Deckers Outdoor Corp.*, 259

25   F.3d 1101, 1106 (9th Cir.2001).  Courts have upheld the use of the sanction even when a

26   litigant's entire cause of action or defense has been precluded. *Ortiz-Lopez*, 248 F.3d at 35

27   (although the exclusion of an expert would prevent plaintiff from making out a case and was "a

28

                                                  5

harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)(1)).

Exclusion is equally appropriate when a party's ostensible disclosure omits "a written report, a complete statement of opinions to be expressed and the basis and reasons for them, the data or information considered by the witness in forming his opinions, a list of exhibits, the amount the witness was being compensated for his testimony, or a listing of other cases in which he had previously testified as an expert." *Lema v. Comfort Inn, Merced,* 2012 WL 170161 (E.D. Cal. 2012) citing *Intrex Corp. v. FMC Corp.*, 124 F.3d 211 (Table), 1997 WL 599984 at *1 (9th Cir. September 24, 1997) (No. 96–16567).

Defendants contend Mr. Williams' expert report failed to comply fully with Federal Rule of Civil Procedure 26(a)(2).  Defendants argue that "[a]lthough Mr. William's report identified three cases in which he testified as an "expert," it is unclear if those were all cases in which he provided such testimony over the previous four years."

Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Rule 37(d)(1)(B) further provides that "[a] motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."

Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L .R. 251(b).  The Rule further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." *Id.*

Defendants failed to properly meet and confer with Plaintiffs regarding the alleged deficiencies in Plaintiffs' expert report.  Counsel for Defendants sent counsel for Plaintiffs several communications concerning her dissatisfaction with Plaintiffs' expert disclose, but never addressed her specific concerns.

The meet and confer efforts of the parties are presented in their entirety through three communications.  On, May 21, 2012, Defendants sent Plaintiffs an email stating:

> plaintiffs expert disclosures still fails to provide all information required by Rule 26. In light of the fact you were provided with a detailed meet and confer letter regarding your earlier disclosures advising you of all the requirements under Rule 26 . . .there is no reason why your second expert disclosure would not comply with the requirements.

(Declaration of Valerie J. Velasco "Velasco Decl.," Ex. F, Doc. 96.)  On May 22, 2012, Plaintiffs responded as follows:

> I am not sure in what respect our Rule 26 disclosure is inadequate. . . If there is some shortcoming in the report, let me know what it is.  If the request is a reasonable one I will try to cure the defect.

(Velasco Decl., Ex G, Doc. 96.)  That same day, Defendants sent Plaintiffs' counsel an email stating:

> The information included in Plaintiff's second expert disclosure fails to provide all the information required by Rule 26.  The detailed meet and confer letter that I sent you on April 18th[2] clearly set forth the information that is required pursuant to Rule 26 and I need not reiterate those requirements here."

(Velasco Decl., Ex H, Doc. 96.)

Defendants meet and confer efforts, consisting of directing Plaintiffs to "Rule 26," without specifying why Mr. Williams' report failed to comply with Rule 26, are insufficient. Defendants' emails do not state that Mr. Williams' report was defective for any specific reasons, other than its generic failure to comply with Rule 26.  The Court believes that much of the dispute between the parties might have been resolved prior to the filing of the present motion for

---

[2] Defendants' April 18, 2012 letter does not provide any specific information that would inform Plaintiffs how Mr. Williams' report was deficient.  Rather, the April 18, 2012 letter simply recites the requirements for expert disclosures under Rule 26(a)(2)(B), provides the potential sanctions for failing to comply with Rule 26(a)(2)(B) under Rule 37(b)(2)(A), and informs Plaintiffs that a report was not provided.  Mr. Williams, however, did provide a report, and Defendants never specified why Mr. Williams' report was deficient.

1  sanctions had the parties had a meaningful discussion either in person or telephonically regarding

2  the discovery requests at issue.[3]

3              IV.    CONCLUSION

4        Based on the foregoing, the Court DENIES Defendants' Motion to Preclude Plaintiff

5  From Offering Expert Opinion Testimony.

6        IT IS SO ORDERED.

7  **Dated:**   __August 2, 2012__         _____ /s/ **Barbara A. McAuliffe** _____
                                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21 ─────────────────────

22  [3] For instance, Mr. Williams' expert report lists *every* case in which Mr. Williams has provided testimony. Defendants take issue with Plaintiffs' failure to state whether those three cases took place in the previous four years. The Court doubts Plaintiffs would refuse to supplement such a minimal amount of information. Regardless, Mr.

23  Williams' report complies with Rule 26 as it stands.  Mr. Williams provided *every* case in which he has provided testimony, when he was only required to provide those cases where he provided testimony in the previous four years.

24  If all three cases took place in the previous four years, Mr. Williams' compliance was adequate.  If any of those cases took place outside of four years, Mr. Williams provided *more* information than was required under Rule 26.  Either

25  way, Mr. Williams' report can not be viewed as anything less than complying with Rule 26.

26        Regarding Defendants' argument concerning Mr. William's publication information, because Defendants have failed to meet and confer adequately with Plaintiffs on this issue, the Court does not reach this issue.  It is

27  unclear if Mr. Williams has *any* publications.  Indeed, Defendants can not be sure of this information, as it is clear they never raised this issue with Plaintiffs.  Moreover, had Defendants attempted to meet and confer with Plaintiffs

28  on this issue, Plaintiffs may well have supplemented their expert report, alleviating the need for Court intervention.