IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIE MELISSA CASTRO, by her guardian ad litem Blanco Estela Castro, individually and as successor in interest to ANGEL ANTONIO MENDOZA SARAVIA, BLANCA ESTELA CASTRO, TERESA REYNA MENDOZA-SARAVIA, and PEDRO MENDOZA,<br><br>Plaintiffs,<br>v.<br><br>CITY OF MENDOTA, COUNTY OF FRESNO, WEST COAST AMMUNITIONS, and DOES 1 through 100, inclusive,<br><br>Defendants. | 1:10-cv-618 AWI BAM<br><br>ORDER VACATING SEPTEMBER 24, 2012, HEARING AND ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>(Doc. No. 104) |

Currently set for hearing and decision on September 24, 2012, is Defendants' motion for reconsideration of a Magistrate Judge's ruling. The Court has reviewed the moving papers and has determined that this matter is suitable for decision without oral argument. Local Rule 230(h). Therefore, the Court will vacate the September 24, 2012, hearing and instead issue this order, which resolves the motion for reconsideration.

*Defendants' Argument*

Defendants argue that the Magistrate Judge erred by denying their motion under Rule 37(c)(1) to preclude Plaintiffs' expert witness Ronnie Williams. Defendants contend that the Magistrate Judge erred: (1) in finding that there is a meet and confer requirement under Rule 37(c)(1); (2) in refusing to make letter briefs that were submitted in conjunction with modifying the scheduling order a part of the official record; and (3) in finding that Williams's expert report

met the requirements of Rule 26(a)(2) even though no publications were identified, and it is unclear if the cases listed were cases in which Williams had testified in the last four years.

*Legal Standards*

1.   Review of Magistrate Judge's Order

A district court may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636 (b)(1). See Bhan v.NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. Pro. 72(a); Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). However, the district court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241. The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband, 290 F.3d at 1041. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D. N.Y. 2001); see Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983). A magistrate judge's pre-trial discovery orders are generally considered non-dispositive orders. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

2.   Rule 26(a)(2)(B)

Rule 26(a)(2) provides in pertinent part:

(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
   (i) a complete statement of all opinions the witness will express and the

> basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored
>    in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness
>    testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony
>    in the case.

Fed. R. Civ. Pro. 26(a)(2)(B).

3.   Rule 37(c)(1)

Rule 37(c)(1) reads:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. Pro. 37(c)(1). The burden is on the party facing sanctions to prove justification or harmlessness. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

*Discussion*

To the extent that the Magistrate Judge's order may be read as holding a meet and confer requirement under Rule 37(c)(1), this is error. "The meet and confer requirements only relate to motions to compel under Rule 37(a) and motions for sanctions under Rule 37(a) and 37(d). There is no meet and confer requirement in Rule 37(c)." Hess v. Ameristep, 2008 U.S. Dist. LEXIS 93895, *8 n.3 (C.D. Ill. Nov. 17, 2008); see also 1st Source Bank v. First Resource Fed. Credit Union, 167 F.R.D. 61, 63 (N.D. Ind. 1996); 8A Wright & Miller, Fed. Prac. & Proc. § 2289.1; cf. Fed. R. Civ. Pro. 37(a)(1) and Fed. R. Civ. Pro. 37(d)(1)(B) with Fed. R. Civ. Pro. 37(c). Nevertheless, the Court will not grant reconsideration of the Magistrate Judge's denial of Defendants' motion.

1  The Magistrate Judge held that Williams' expert report listed every case in which
2 Williams had testified and, to the extent that some of the cases may be older than four years, then
3 Williams provided additional information that was not required. See Doc. No. 101 at p. 8 n.3.
4 The Court agrees. The expert report lists three cases and provides the name of the case, the name
5 of the court, and the docket number of the case. This disclosure meets the plain language of Rule
6 26(a)(2)(B)(v). That a precise date that the case was filed is omitted is immaterial.
7  As for the failure to identify publications, the Magistrate Judge also indicated that it was
8 unclear if Williams authored any publications. See Doc. No. 101 at p.8 n.3. In opposition to this
9 reconsideration motion, however, Plaintiffs' counsel has declared that he is informed that
10 Williams has not in fact authored any publications. See Doc. No. 110-1 at ¶ 8. Defendants did
11 not file a reply and thus, have not addressed this assertion by Plaintiffs' counsel. The Court
12 accepts Plaintiffs' representation. Since Williams has not authored any publications, his failure
13 to list or address publications in his expert report is harmless. Because the omission is harmless,
14 exclusion of Williams's opinions and testimony is not warranted. See Fed. R. Civ. Pro. 37(c)(1).
15  With respect to the Magistrate Judge's refusal to make letter briefs a part of the record,
16 the Magistrate Judge so held based on a stipulation by the parties that the Magistrate Judge could
17 resolve the "request to modify the scheduling order informally and off the record." See Doc. No.
18 101 at p.3 n.3 (quoting Doc. No. 89). The Court does not find the Magistrate Judge's decision to
19 deny filing the letter briefs to be clearly erroneous or contrary to law. The parties stipulated to an
20 informal resolution, and the time to challenge the Magistrate Judge's decision to modify the
21 scheduling order, which was made on May 4, 2012 and is Doc. No. 89, has long since passed.[1]
22 See Local Rule 303(b).

*Conclusion*

Reconsideration and reversal of the Magistrate Judge's decision denying exclusion of the

---

[1] Additionally, to the extent that Defendants may be challenging the Magistrate Judge's holding that Williams's designation as an expert did not violate the May 4, 2012 scheduling order modification, relief is not warranted. Plaintiffs requested a modification because their intended expert, Ron Martinelli, had not provided a report. Instead of designating Martinelli and providing a report, Plaintiffs designated Williams. The scheduling order modification extended the deadline for expert witness designation in general – it was in no way limited to Martinelli. See Doc. No. 89. The Court agrees with the Magistrate Judge's analysis that the designation of Williams did not violate the May 4, 2012 order. See Doc. No. 101 at p. 5.

entirety of Williams's opinions/testimony is not warranted.  Williams's report meets the requirement of Rule 26(a)(2)(B)(v).  Williams's failure to specifically address the requirement of Rule 26(a)(2)(B)(iv) with respect to publications was harmless because Williams has not authored any publication.

Reconsideration and reversal of the Magistrate Judge's decision refusing to file the letter briefs that were submitted with respect to the request to modify the scheduling order is not warranted.  The parties stipulated to allow the Magistrate Judge to decide the request to modify the scheduling order an informal basis.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The September 24, 2012, hearing date is VACATED; and
2. Defendants' motion for reconsideration of Magistrate Judge's rulings (Doc. No. 104) is DENIED.

IT IS SO ORDERED.

Dated:   September 20, 2012                              _____
                                                         CHIEF UNITED STATES DISTRICT JUDGE